**Henry D. NUNEZ and Cle–Jo Records Partnership, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. CV F–86–404 EDP.**

United States District Court, E.D. California.

March 10, 1989.

Craig G. Christensen, Fresno, Cal., for petitioner Cle-Jo Records Partnership.

Thomas F. Carlucci, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for respondent Com'r.

MEMORANDUM DECISION RE: RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

PRICE, District Judge.

Petitioners filed their petition for readjustment of final partnership administrative adjustment on August 13, 1986. The petition recited that the petitioner Cle–Jo Records was a general partnership and that petitioner Henry D. Nunez was a notice partner in Cle–Jo Records.

On August 8, 1988, nearly two (2) years after the action had been filed, a stipulation was filed by Nunez and joined in by the attorney for the Commissioner. The stipulation was entitled "Stipulation for Dismissal of Petition for Redetermination on Behalf of Henry D. Nunez Only, and Order Thereon." The body of the Stipulation quoted that:

IT IS STIPULATED that the petition for Re-determination shall be dismissed pursuant to Internal Revenue Code of 1954, section 6226(h), 26 U.S.C. Each

party shall bear their own costs and attorneys' fees.

The order, which was presented to and signed by the Court, read as follows:

The above stipulation is hereby approved and made an order of the court. It is further ordered that pursuant to Section 6226(h) of the I.R.C. of 1954, 26 U.S.C., the Notice of Final Partnership Administrative Adjustment is deemed correct.

In 1982, Congress extensively revamped the procedure relative to the review of partnership administrative adjustments. In section 6226(a), Congress provided that the "tax matters partner" might file a petition for adjustment of the partnership item within a stated period of time. In section 6226(b), Congress provided that if the "tax matters partner" did not file such a petition within an additional period of time, the "notice partner" might file such a petition. In section 6226(h), Congress further provided as follows:

If an action brought under this section is dismissed (other than under paragraph (4) of subsection (b)), the decision of the court dismissing the action shall be considered as its decision that the notice of final partnership administrative adjustment is correct, and an appropriate order shall be entered in the records of the court.

The case continued under subsection (c) of section 6226 of the 1982 Internal Revenue Code, until the matter reached pre-trial stage. At the Pre-Trial Conference, both the Court and the government raised the question as to whether the case had been resolved by the dismissal referred to above. The Court ordered the matter off calendar to be resolved by respondent's motion for summary judgment.

It should be noted that the only party participating in the action was Mr. Nunez, who filed the petition. Subsection (c) of 26 U.S.C. section 6226 provides that each partner shall be deemed to be a party to the action, and the Court shall allow each person who is a party to participate in the action.

On September 22, 1988, Daniel J. Ciano, substituted Craig C. Christensen as the attorney of record for Cle–Jo Records Partnership. However, nothing in the applicable section provides that a partnership is a proper party to such action. Further, in June 1988, Mr. Nunez, representing another partnership who had filed a similar action with the Court and on behalf of the other partnership, filed a similar stipulation and dismissal with the understanding that it would totally end the action.

Inasmuch as the stipulation and order was prepared by attorney Nunez, who was a "notice partner" under the code, the Court finds that the stipulation and order effectively dismissed the entire action pursuant to section 6226(h). The Court was not advised of any dialogue between Mr. Nunez and the attorneys for the Commissioner that would alert the Court as to Nunez's intentions. Any action that the partnership may have against Mr. Nunez is of no concern to the Court.

Accordingly, it is the order of the Court that respondent's Motion for Summary Judgment is granted. Counsel for respondent is to prepare proposed findings of fact and conclusions of law and a formal judgment within twenty (20) days of the date of this memorandum decision. Counsel for Cle–Jo Records Partnership shall have ten (10) days in which to object to the form of the findings.